IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                              CRIMINAL NO. 1:06-00072-1

KEYCO JONES

## MEMORANDUM OPINION AND ORDER

In Charleston, on May 18, 2016, came the defendant, Keyco JOnes, in person and by counsel, Christian M. Capece, Federal Public Defender; came the United States by Miller A. Bushong, III, Assistant United States Attorney; and came Senior United States Probation Officer Brett Taylor, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violation contained in the petition, filed on April 21, 2016, as well as the addendum to the petition, filed on May 17, 2016.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked or modified.  Whereupon the defendant admitted the charges contained in the addendum, but denied the charges contained in the petition.  The United States moved to dismiss the petition and move forward solely on the addendum.  The court granted the United States's motion, dismissed the April 21st petition, and found the charges contained in the addendum to the petition were established by a preponderance of the evidence.

The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was four to ten months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of sixty months. Neither party objected to the Guideline range and statutory penalty as determined by the court. The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

Counsel then presented argument to the court regarding an appropriate sentence for the defendant. Defense counsel argued that a sentence at the bottom of the Guideline range would appropriately punish the defendant for his conduct. Counsel argued that the defendant committed a non-violent crime and had performed somewhat well on supervised release. Furthermore, defense counsel argued that any further term of supervised release would not be appropriate for the defendant. The defendant himself addressed the court and apologized for his actions. The United States requested a variance sentence of twelve months with an additional forty-eight month term of supervised release to follow the defendant's incarceration. In

support of this sentence, the United States highlighted the defendant's history of criminal activity while under supervision, activity which the court addressed in two prior modifications to the defendant's supervised release.

Having heard the arguments of counsel, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and he is to be incarcerated for a term of ten (10) months.  Upon completion of his term of incarceration, the defendant will be subject to a supervised release term of thirty-six (36) months.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements. The court considered all of the findings in the case, and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553, and was sufficient, but not greater than necessary, to provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.  In support of this sentence, the court noted the defendant's lengthy history of criminal involvement, and further noted that, on at least one prior occasion, the defendant ignored the United States Probation Office's restrictions on interstate travel.  The court further found a need to impose another term of supervised release

to allow the Probation Office an opportunity to monitor the defendant's efforts to obtain a law abiding lifestyle.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days.  The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of Court will prepare and file a notice of appeal on his behalf.

After the court stated the sentence, the United States recommended that the defendant be remanded to custody, that the United States Marshals Service remove the defendant's electronic monitoring device, and that the defendant's family be ordered to return any remaining electronic monitoring equipment to the United States Probation Office in Bluefield on or before May 19, 2016.  The defendant opposed this recommendation and requested that the defendant be allowed to self-report on June 1, 2016. The court stated that it could not find that the defendant was not a danger to the community or a flight risk, noting the defendant's family connections in California.  As a result, the court remanded the defendant to the custody of the United States Marshals Service.  The court further ordered that the Marshals

Service remove the defendant's electronic monitoring device and ordered the defendant's family to return any remaining electronic monitoring equipment to the United States Probation Office in Bluefield on or before Thursday, May 19, 2016.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 26th day of May, 2016.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge